FILED

APR 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DAVID RUSSELL FOLEY, <br><br> Defendant - Appellant. | No. 14-10055 <br><br> D.C. No. 5:09-cr-00670-EJD-1 <br><br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DAVID RUSSELL FOLEY, <br><br> Defendant - Appellant. | No. 14-10056 <br><br> D.C. No. 5:11-cr-00554-EJD-1 |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 10, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

David Russell Foley appeals his sentence imposed after he pled guilty to conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. This Court has jurisdiction under 28 U.S.C. § 1291. *See United States v. Jacobo Castillo*, 496 F.3d 947, 949–50 (9th Cir. 2007) (en banc). We dismiss the appeal because Foley waived his right to appeal his sentence, and that waiver is valid and enforceable.

Foley knowingly and voluntarily entered into the plea agreement and waived his right to appeal his sentence. *See United States v. Spear*, 753 F.3d 964, 967 (9th Cir. 2014) (citing *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011)). Foley argues that the waiver is invalid because (1) the sentence does not comport with the terms of the plea agreement; and (2) the sentence is illegal. *See United States v. Tsosie*, 639 F.3d 1213, 1217 (9th Cir. 2011). Both arguments fail.

First, the sentence Foley received was below the calculated sentencing guidelines range as determined by the district court and squarely within the specific sentencing terms of the plea agreement. *See United States v. Bolinger*, 940 F.2d

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

478, 480 (9th Cir. 1991).  Second, the sentence was not illegal, because it was below the statutory maximum of 20 years, did not violate the Constitution, and was supported by the judgment of conviction.  *See United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986).

      Accordingly, Foley's appeal is **DISMISSED**.